UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| DOMINGUS NÓBREGA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  No. 2:25-cv-00290-JAW |
| | ) |
| STATE OF MAINE, et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER TO REMAND

In a case originally brought in state court and subsequently removed to federal court by the plaintiff, the court remands the case to state court because federal law permits removal only by a defendant.

## I. BACKGROUND

On June 2, 2025, Domingus Nóbrega filed a notice of removal in this Court, claiming that "this court of the state of Maine cannot hear [and/]or argue United States constitutional claims [and/]or issues." *Notice of Removal Cl.* at 1 (ECF No. 1) (*Pl.'s Removal*) (capitalization corrected). He alleges that the state of Maine and the Portland City Police (Portland Police) (together, the Defendants) have accused him of statutory violations but asserts his innocence of such claims and argues further that the Portland Police maliciously seized his private property, without his consent and in violation of his constitutional rights.[1] *Id.* at 1-2. As relief, he requests, inter alia,

---

[1] The Plaintiff's notice of removal reports "the violations are also . . . on behalf of the Police Officers (CID)(CRU), Portland Press H[e]rald & News Channel 8 (but not limited to Infringement Violators in the Maine Court public system) receiving enrichment from all seizure of DOMINGUS NOBREGA." *Pl.'s Removal* at 3. Mr. Nóbrega further lists "Maine Prosecutor too" as well as the names of nine individuals he identifies as Portland Police officers, additionally stating "But not limited to all officers listed." *Id.* This lack of clarity regarding the identities of the individuals and entities

a $10,000 fine per infringement on each individual who used his intellectual property, a $10,000 fine per infringement on each individual who seized his property, a $100,000 fine per infringement on each corporation or State who denied his constitutional rights, a $100,000 fine per infringement on each corporation or State who used his intellectual property, and a claim for all pecuniary enrichment against "new 'media' outlets." *Id.* at 3 (capitalization corrected). Mr. Nóbrega additionally seeks "$100,000,000.00 Billion per use," adding "[t]his fine varies & is negotiable upon written request." *Id.* at 4. In support, Mr. Nóbrega recites the federal criminal fine provisions of 18 U.S.C. § 3571, *id.* at 4-6, and the federal cause of action for false designations of origin, false descriptions, and dilution, as codified in 15 U.S.C. § 1125. *Id.* at 6-7.

Attached to Mr. Nóbrega's notice of removal is his state court complaint, along with numerous exhibits filed in state court including a certificate of authenticity of business records, an act of renouncement and/or expatriation of United States citizenship, a notice by affidavit for notice of consequences for intellectual property infringement, a Uniform Commercial Code (UCC) acknowledgment information summary from the Maine Secretary of State, a UCC financing statement and corresponding addendum, an affidavit of truth, a legal filing entitled "Notice to Agent is Notice to Principle, Notice to Principle is Notice to Agent," a scanned copy of his

---

from whom Mr. Nóbrega seeks relief does not affect the Court's determination that removal is improper, for the reasons explained within this order.

world government passport, and familial records. *Id.*, Attach. 1, *State Compl. and Attachs.* at 1-21.

Mr. Nóbrega separately attaches a letter to the District of Maine Clerk of Court, explaining he "want[s] to file this removal as a federal question" and that he "want[s] the state of Maine et al. to follow constitutional guarantee and copyright contract laws, they are denying both." *Id.*, Attach. 2, *Cover Letter* (capitalization corrected). He "submit[s] this package as a federal matter, this Court holds jurisdiction over such federal questions or claims over the state courts." *Id.* (capitalization corrected).

## II.   DISCUSSION

The Court does not reach the merits of Mr. Nóbrega's claim and remands his case to Cumberland County Superior Court, where he originally filed it, because this Court lacks jurisdiction over his removed case.

"'Federal courts are courts of limited jurisdiction.' Thus, jurisdictional boundaries must be scrupulously observed." *Calvary Chapel of Bangor v. Mills*, 984 F.3d 21, 30 (1st Cir. 2020) (quoting *Rhode Island v. EPA*, 378 F.3d 19, 22 (1st Cir. 2004)). "It is black-letter law that a federal court has an obligation to inquire sua sponte into its own subject matter jurisdiction." *McCulloch v. Velez*, 364 F.3d 1, 5 (1st Cir. 2004); *accord Spooner v. EEN, Inc.*, 644 F.3d 62, 67 (1st Cir. 2011) ("A court is duty-bound to notice, and act upon, defects in its subject matter jurisdiction sua sponte").

Pursuant to 28 U.S.C. § 1441:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed *by the defendant or the defendants*, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a) (emphasis supplied). Under the plain language of the statute, only "the defendant or defendants", not plaintiffs, may remove a case against them to federal court. 28 U.S.C. § 1441(a).

Federal courts at all levels have uniformly implemented this principle, from the United States Supreme Court, *see Home Depot U.S.A., Inc. v. Jackson*, 587 U.S. 435, 437 (2019) ("Section 1441(a), the general removal statute, permits 'the defendant or the defendants' in a state-court action over which the federal courts would have original jurisdiction to remove that action to federal court"), to the First Circuit Court of Appeals, to which this Court owes its direct allegiance, *see Ballard's Serv. Ctr., Inc. v. Transue*, 865 F.2d 447, 449 (1st Cir. 1989) ("Plaintiffs cannot remove, even when they are in the position of a defendant with regard to a counterclaim asserted against them"), to this District. *See, e.g.*, *KeyBank Nat'l Ass'n v. Katahdin Communs., Inc.*, No. CV-10-141-B-W, 2010 U.S. Dist. LEXIS 57445, at *6 (D. Me. June 9, 2010) (in granting motion for remand, explaining the party who removed to federal court "is the plaintiff and cannot remove").

Here, Mr. Nóbrega originally filed his lawsuit in Cumberland County Superior Court and now seeks to remove his case to the District of Maine. *See Notice of Removal*; *State Compl and Attachs*. However, for the reasons already explained, 28 U.S.C. § 1441 does not authorize a plaintiff to remove a case filed in state court; the statute authorizes removal only "by the defendant or defendants." 28 U.S.C. §

4

1441(a). Mr. Nóbrega, as the Plaintiff in this action, may not remove his case, which he chose to file in state court, to federal court. The Court accordingly determines it lacks jurisdiction over the removed case and concludes it must remand the case for adjudication by the state court where Mr. Nóbrega originally filed it—to wit, the Cumberland County Superior Court.

Mr. Nóbrega's claim that the state court cannot resolve his federal and constitutional claims does not change the result. It is black letter law in this Circuit that "a federal court must presume that state courts, consistent with the imperatives of the Supremacy Clause, *see* U.S. Const. art. VI, are fully competent to adjudicate federal constitutional and statutory claims properly presented by the parties." *Casa Marie, Inc. v. Superior Court of P.R.*, 988 F.2d 252, 262 (1st Cir. 1993) (citing *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982)). In accordance with the First Circuit's directive, this Court presumes that Mr. Nóbrega's complaint will be adjudicated justly and competently by the Cumberland County Superior Court, where he originally filed it.

### III. CONCLUSION

The Court REMANDS Domingus Nóbrega's Notice of Removal of state case number CUMCD-CR-05113 (ECF No. 1) to the Cumberland County Superior Court.

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 30th day of June, 2025